### BIRD v DUGGAN et

### DUGGAN et v BIRD

Ohio Appeals, 2nd Dist, Franklin Co
Nos. 1990, 2000.  Decided March 3, 1931

Bennett, Westfall & Bennett, Columbus, for Bird.

Arnold, Wright & Purpus, Columbus, for Duggan.

ALLREAD, J.

Upon the questions heretofore decided, we may refer to the opinion of Judge Hornbeck. This decision settles all questions in the case except one, to-wit, as to the right of Zella Bird to a personal judgment in her favor. We think the statutes of this state are sufficient to give the heir of Garfield Duggan a right to demand that the funds received by his alleged administrator be returned to Ohio so as to descend under the laws of the State of Ohio. This right is found in §10766 GC.

It is claimed by the Pennsylvania administrator that Zella Bird had no right to a judgment in her favor for one-half of the funds received by the Pennsylvania administrator, but that if entitled to any relief she must be content with an accounting and an order for the return of the fund to the State of Ohio for distribution. The authorities which counsel for the Pennsylvania administrator cites are to the effect that "as a general rule" the heir can not sue until a settlement of the estate and an order of distribution is made. What the exception to the general rule on the subject is does not appear.

In all the cases to which reference is made, we find that the rule adopted by the courts is based upon some equity of the parties in the case. Here Zella Bird is both administrator appointed by the Probate Court of Ohio, and is also an heir. If it should appear that there are any reasons why an Ohio administrator should receive and distribute the fund the remedy is here. If there is no occasion for the Ohio administrator to receive and distribute the fund, then we do not see any reason why this order or judgment should not be made.

In the case at bar it was held, and we think justly and properly, that the courts of Pennsylvania had no authority to appoint an administrator of Garfield Duggan. We do not see how the administrator appointed in the State of Pennsylvania could make this question, nor does he in fact make it, except by general denials in his answer. We can see no injury to him; no sacrifice of any of his rights to render this judgment.

We therefore reach the conclusion that the judgment as against the Pennsylvania

administrator was correct, and should be adopted here, either in the appeal case or in the error case.

Decree accordingly.

HORNBECK and KUNKLE, JJ, concur.